19-661-cv
*Dedjoe v. Esper*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty.

PRESENT:  DENNIS JACOBS,
          GUIDO CALABRESI,
          DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


BENJAMIN A. DEDJOE,
                    *Plaintiff-Appellant*,

          -v-                                    19-661-cv

DR. MARK T. ESPER, in his official capacity as the
Secretary of the Army,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:        STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, New Paltz, New York.

FOR DEFENDANT-APPELLEE:     KAREN FOLSTER LESPERANCE, Assistant
                            United States Attorney, *for* Grant C. Jaquith,
                            United States Attorney for the Northern
                            District of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED.**

Plaintiff-appellant Benjamin A. Dedjoe appeals a May 14, 2018 judgment of the district court, entered following a jury verdict, dismissing his claims against defendant-appellee the Secretary of the Army (the "Army").[1] Dedjoe also appeals the district court's order entered February 19, 2019 denying his motion for judgment as a matter of law or, in the alternative, for a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59. The sole claim at trial was whether the Army retaliated against Dedjoe for filing informal complaints of race-based discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). On appeal, Dedjoe contends that his post-trial motions should have been granted because, in his

---

[1]     The lawsuit was originally filed against John M. McHugh in his official capacity as Secretary of the Army. McHugh was succeeded by Mark T. Esper while the case was pending below.

2

view, the evidence overwhelmingly demonstrated retaliation.[2]  We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues

on appeal.

## *DISCUSSION*

"A district court may set aside a jury's verdict pursuant to [Federal Rule of

Civil Procedure] 50 only where there is such a complete absence of evidence supporting

the verdict that the jury's findings could only have been the result of sheer surmise and

conjecture, or there is such an overwhelming amount of evidence in favor of the movant

that reasonable and fair minded men could not arrive at a verdict against him."  *Bucalo*

*v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 127-28 (2d Cir. 2012) (internal

quotation marks omitted).  We review *de novo* the denial of a Rule 50 motion, but "we

are bound by the same stern standards" as the district court.  *Id.* at 128 (quoting *Cross v.*

*N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005)).

The district court did not err in denying Dedjoe's Rule 50 motion because

a reasonable juror could have found that Dedjoe failed to prove an adverse employment

action.  Title VII retaliation claims are evaluated under the three-step burden shifting

---

[2]      Dedjoe's Notice of Appeal also references the district court's earlier decision and order
granting partial summary judgment in favor of the Army as to Dedjoe's discrimination and
hostile work environment claims, but he makes no mention of that earlier order in his briefs.
We accordingly limit our review to the dismissal of the retaliation claim and the denial of
Dedjoe's post-trial motions.  *Montauk Oil Transp. Corp. v. Tug El Zorro Grande*, 54 F.3d 111, 114
(2d Cir. 1995) ("As a general rule, a Court of Appeals will not pass upon issues that were not
presented in the appellants' briefs.").

3

analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82-83 (2d Cir. 2015). Under the first step, a plaintiff must establish a *prima facie* case of retaliation by showing: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). To satisfy the *prima facie* case's third element, a plaintiff must show that "the challenged action [was] materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted).

The evidence at trial established that Dedjoe complained of race discrimination by security personnel at least three times while working as an electrical engineer for the Army at the Watervliet Arsenal (the "Arsenal") in upstate New York. The alleged retaliatory act that followed these complaints occurred on November 7, 2012 when Dedjoe got into a disagreement with a security officer at the Arsenal's Visitor Center and was escorted out of the building with instructions not to return for the day. Dedjoe, however, received full pay for the day with no deduction to his accrued leave time. Dedjoe returned to work the following day without incident.

4

A reasonable juror could have concluded that being told to cool off for half a day without any deduction in pay was not an adverse employment action. "Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." *Vega*, 801 F.3d at 85 (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (alterations and internal quotation marks omitted)). Importantly, however, "[a]n adverse employment action is . . . more disruptive than a mere inconvenience or an alteration of job responsibilities." *Vega*, 801 F.3d at 85.

Dedjoe argues principally that his suspension constitutes an adverse employment act as a matter of law because the jurors heard evidence that his treatment on November 7, 2012 was exceptional. *See Joseph v. Leavitt*, 465 F.3d 87, 92 n.1 (2d Cir. 2006) (noting that an employment action can be adverse where the employer's conduct exceeds standard disciplinary procedures). Indeed, one officer testified that in his seventeen years of employment at the Arsenal, he knew of no other instance where a civilian employee was removed as a disciplinary measure.

There was also, however, evidence presented at trial indicating that being told to leave after lunch on November 7, 2012 was a reasonable response to Dedjoe's workplace conduct. The officer who escorted Dedjoe out of the Arsenal testified that when he arrived at the Visitor Center, he observed Dedjoe yelling and pounding his fist

5

on the counter, "acting very disruptively, very aggressively, . . . [and] making the other visitors . . . uncomfortable," J. App'x at 590, an account that was corroborated by a third-party observer. J. App'x at 615. The officer went on to explain that in his view, ordering Dedjoe to leave was in line with his job function of "protect[ing] property, personnel and maintain[ing] order." J. App'x at 590. Such evidence supports a jury finding that the employment action was not adverse. *See Brown v. City of Syracuse*, 673 F.3d 141, 150-51 (2d Cir. 2012) (holding that plaintiff failed to establish an adverse employment action because employer's conduct was reasonable).

In light of this evidence, a reasonable juror could have concluded that Dedjoe's removal for half a day with pay was not an adverse employment action, and thus that Dedjoe failed to prove the third element of a *prima facie* retaliation claim. As a "legally sufficient evidentiary basis" existed to support the jury's verdict, *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014), *as amended* (Nov. 24, 2014), we affirm the denial of Dedjoe's Rule 50 motion.

The district court also did not abuse its discretion in denying Dedjoe's motion for a new trial for the same reasons it did not err in denying Dedjoe's Rule 50 motion. "A trial court should not grant a motion for a new trial [pursuant to Federal Rule of Civil Procedure 59] unless it is 'convinced that the jury . . . reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (quoting *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 314 (2d

6

Cir. 1999)).  In considering a Rule 59 motion, a "high degree of deference [should be] accorded to the jury's evaluation of witness credibility, and . . . jury verdicts should be disturbed with great infrequency."  *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012).

Dedjoe argues that the evidence supporting his retaliation claim was so overwhelming that any verdict against him constitutes a miscarriage of justice that demands a new trial.  As already noted, however, a reasonable juror could have concluded that Dedjoe being instructed to leave work for half a day with pay was not an adverse employment action.  The district court's decision not to overturn the jury's decision, therefore, was neither a miscarriage of justice nor seriously erroneous.[3]

\* \* \*

---

[3]  Dedjoe also argues that a new trial should have been granted because the district court's jury instructions included an instruction on the essential elements that a plaintiff must prove to establish a *prima facie* case.  Dedjoe's own proposed jury instructions, however, included an instruction on the elements of a *prima facie* Title VII retaliation claim.  The instruction ultimately issued by the district court was substantially similar to Dedjoe's proposed instruction, and Dedjoe failed to object to it.  Accordingly, this argument is waived.  *See Lavoie v. Pac. Press & Shear Co., a Div. of Canron Corp.*, 975 F.2d 48, 54-55 (2d Cir. 1992).

7

We have considered Dedjoe's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk